IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:10-CV-189-D

| | | |
|---|---|---|
| LOIS HARDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CITY OF VANCEBORO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On February 16, 2011, defendant Russell Akers ("Akers" or "defendant") requested a stay pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. app. §§ 501–597 [D.E. 28]. On February 23, 2011, plaintiff Lois Hardy ("Hardy" or plaintiff) responded in opposition [D.E. 32]. On March 7, 2011, Akers replied [D.E. 34].

The Servicemembers Civil Relief Act provides that in "any civil action . . . in which the plaintiff or defendant . . . is in military service or is within 90 days after termination of or release from military service . . . the court may on its motion and shall, upon application by the servicemember, stay the action . . . ." 50 U.S.C. app. § 522(a)(1), (b)(1). An application for a stay must set forth the facts stating the manner in which military duties materially affect the ability of the servicemember to appear and state a date when the servicemember will be available to appear. Id., § 522(b)(2)(A). Furthermore, an application must include a statement from the servicemember's commanding officer stating that military duty prevents the appearance and that military leave is not authorized for the servicemember. Id., § 522(b)(2)(B).

Here, Akers submitted two letters from his commanding officer and a copy of his unit's mobilization orders that indicate Akers has been mobilized as a member of the Oklahoma Army

National Guard, ordered to report to Camp Shelby, Mississippi on March 27, 2011, and deploy in support of operations in Afghanistan, and is expected to return to the United States in April 2012. Mot. Stay, Attach; Def.'s Reply, Attach. Furthermore, Akers is not authorized to take leave while deployed. Def.'s Reply, Attach. Hardy contends Akers failed to comply with the provisions of 50 U.S.C. app. § 522(b)(2) because the documents do not state an exact date of his deployment to Afghanistan, nor do they provide an exact date of his return. Pl.'s Resp. 2.

"The [Servicemembers] Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation." Boone v. Lightner, 319 U.S. 561, 575 (1943). Akers has complied with the requirements of the statute, triggering a mandatory stay. Accordingly, this action is STAYED until July 2, 2012 or 90 days after Akers release from military service, whichever occurs first.

SO ORDERED. This 12 day of May 2011.

JAMES C. DEVER III
United States District Judge

2

Case 4:10-cv-00189-D   Document 35   Filed 05/12/11   Page 2 of 2